UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL M. TEAHAN,

    Petitioner,

v.

C. DUCART,

    Respondent.

Case No. 15-cv-05747-JSC

**ORDER TO SHOW CAUSE**

# INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se incarcerated at Pelican Bay State Prison, filed a petition for a writ of habeas corpus claiming that prison officials are withholding his time credits illegally.[1] He has paid the filing fee. Because the petition states cognizable claims for relief, a response from Respondent is warranted.

# BACKGROUND

Petitioner is currently serving a sentence of 42 years in state prison for a gang-related crime committed when he was 17 years old in April 1994. At that time, state law allowed Petitioner to earn "good-time credits" against his sentence on a day-for-day basis, and such credits could only be withheld for disciplinary reasons. In December 2011, prison officials validated him as a gang associate and, pursuant to an amendment to the California Penal Code, prohibited him

---

[1] Petitioner has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (Dkt. No. 4.)

from continuing to earn good time credits.  His release date was thereby postponed from April 2016 to October 2020.

## DISCUSSION

I.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II. Legal Claims

Petitioner claims that prison officials violated his right to due process by failing to provide him with sufficient procedural safeguards when they validated him as a gang member.  He also claims that withholding good time credits based upon his gang validation pursuant to a change in the California Penal Code violated the Ex Post Facto Clause.  When liberally construed, these claims state cognizable grounds for federal habeas relief.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve a Magistrate Judge jurisdiction consent form, a copy of this Order, and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this Order on Petitioner.

2. Respondent shall complete and file the Magistrate Judge jurisdiction consent form in accordance with the deadline provided on the form.

3. Respondent shall also file with the Court and serve on Petitioner, within **ninety-one (91) days** of the date this Order is issued, an answer showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all records of Petitioner's gang validation proceedings and subsequent withholding of time credits that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse (a reply) with the Court and serving it on Respondent within **twenty-eight (28) days** of the date the answer is filed.

4. Respondent may, within **ninety-one (91) days** of the date this Order is issued, file a motion to dismiss on procedural grounds in lieu of an answer.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

5. It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 25, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3